720 A.2d 1015

In re Gary M. HEIDNIK.

Next Friend Petitioner: Maxine Davidson White.

Supreme Court of Pennsylvania.

April 19, 1997.

## ORDER

PER CURIAM.

And now this 19th day of April, 1997, as a result of an equally divided court, the temporary stay of execution entered April 18, 1997 is LIFTED. The Petition for a Stay of Execution is GRANTED. The Petition for Review Pursuant to this Court's Supervisory and/or King's Bench Powers is GRANTED. It is further ORDERED that the party seeking to proceed on Gary Heidnik's behalf as "Next Friend" file a brief by 9:00 a.m., Monday, April 21, 1997, addressing the order of the Court of Common Pleas in addition to the following issues:

1. Whether Pennsylvania recognizes the concept of "Next Friend" standing under state jurisprudence;

2. If so, what are the standards under which "Next Friend" standing is recognized under state jurisprudence;

3. Whether standards for "Next Friend" standing under state jurisprudence differ from the standards under federal jurisprudence; and

4. Whether this Court should adopt the federal standard.

The Commonwealth shall have until 5:00 p.m. Wednesday, April 23, 1997, to file its reply brief. This matter is to be listed for oral argument during the April 1997 session.

CASTILLE, NIGRO and NEWMAN, JJ., dissent and would lift the temporary stay, precluding further relief. CASTILLE, J., files a dissenting statement in which NEWMAN, J., joins.

CASTILLE, Justice, dissenting.

For the reasons set forth below, I wish to disassociate myself from the Court's entry of a stay, granting of review, and listing of this matter for oral argument.

By way of background, as a result of inexplicable tactics by the attorneys purporting to act on petitioner Gary Heidnik's behalf only two days before Heidnik was scheduled to be executed,[1] the resources and staff of this Court, its Prothonotary's Office, the Court of Common Pleas (the Honorable John J. Poserina, Jr.), the Clerk of Court for the United States District Court, the United States District Court for the Eastern District of Pennsylvania, the Third Circuit Court of Appeals for the Federal Circuit, and the United States Supreme Court of America, have had to undertake herculean efforts to try to sift through the numerous and at times meritless filings made by the attorneys proceeding on Heidnik's behalf. In fact, the United States Supreme Court, after a hearing, deliberated until approximately 10:00 p.m., Friday, April 18, 1997 to review the issue of whether Heidnik had competently chosen to forgo all attempts to stay his execution. Heidnik has repeatedly stated since his sentence was imposed that he did not want his sentence appealed and that he wanted no efforts undertaken on his behalf to stop his execution. At a whirlwind pace, the United States Supreme Court rendered its ruling reversing and vacating the order of the Third Circuit, and reinstating the order of the Honorable Franklin S. Van Antwerpen of the United States District Court for the Eastern

---

1. The warrant was signed by Governor Ridge on March 20, 1997. Heidnik's judgment of sentence was affirmed by this Court in 1991. *Commonwealth v. Heidnik*, 526 Pa. 458, 587 A.2d 687 (1991).

District of Pennsylvania, that Heidnik was competent to make a decision to forgo all attempts to stay his execution.

Billy Nolas, Esquire then filed in this Court a Petition for Review of Court of Common Pleas Order, a Petition for Stay of Execution and for Review Pursuant to this Court' Supervisory and/or King's Bench Powers, and an Emergency Motion for Immediate Decision on Petition for Review and/or for Stay of Execution by Duty Justice. The Commonwealth promptly responded.

A *per curiam* order temporarily staying Heidnik's execution pending further action by this Court was entered by this Court on April 18, 1997. The Commonwealth attempted to have this Court's stay order vacated by the U.S. Supreme Court but its motion was dismissed at approximately 12:40 a.m., April 19, 1997.

The entry of a stay to allow further review of this matter under the circumstances of this case is unnecessary. With respect to the "Next Friend" issue, this Court has already stated that it finds the standards of *Whitmore v. Arkansas*, 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) as "persuasive" and allowed the execution of Keith Zettlemoyer based upon its holding that *Whitmore v. Arkansas* precluded "Next Friend" standing in *Zettlemoyer*. *See Commonwealth v. Zettlemoyer*, No. 107 Capital Docket (filed May 2, 1995). Notwithstanding this Court's adoption of the Whitmore standard in 1995, resulting in an execution, three members of this Court at this time now disregard the standard insofar as it is to be applied to Heidnik's execution now pending.

Furthermore, in order for a stay to be entered, the moving party must show that it is likely to prevail on the merits. *Commonwealth v. Martorano*, 535 Pa. 178, 634 A.2d 1063, 1066 (1993). This standard has plainly not been met. In view of the order in *Zettlemoyer*, it is *not* likely that Heidnik will prevail on the merits with respect to the "Next Friend" issue, unless of course, this Court chooses to reverse it's prior holding. Since there is virtually no merit to the "Next Friend" issue, third parties, quite simply, have *no* standing to

seek review or otherwise make any filing on behalf of Heidnik. He has specifically stated that he does not want third parties intervening on his behalf to stop his execution.

Accordingly, the application to stay Heidnik's execution should be denied and no further review should be permitted by filings made by third parties against Heidnik's wishes. I would further note that eleventh hour tactics such as those employed by Mr. Nolas and his colleagues can unnecessarily jeopardize the interests of a client, and are inexcusable, especially where the interests at stake are literally a matter of life or death.

NEWMAN, J., joins in this dissenting statement.